1 TORIN A. DORROS, SBN 191228
tdorros@dorroslaw.com
2 **DORROS LAW**
8730 Wilshire Boulevard, Suite 350
3 Beverly Hills, California 90211
Telephone: (310) 997-2050
4 Facsimile: (310) 496-1320

5 *Attorneys for Plaintiff,*
*DELISSA CHASE*

6

7

8                    **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10 DELISSA CHASE, an individual,          | Case No. 5:22-cv-01885-SP
                                          | Hon. Sheri Pym, United States Magistrate Judge
11              Plaintiff,

12         v.                             | **FIRST AMENDED COMPLAINT**

13 SAN BERNARDINO COUNTY                  | Original Complaint filed:   9/7/2022
SHERIFF'S DEPARTMENT; COUNTY OF          | Removal:                    10/26/2022
14 SAN BERNADINO; SHANNON D. DICUS;       | Responsive Pleading:        Pending
JOHN MCMAHON; R. DEBEVEC; S.             | Trial:                      None set
15 KESSLER; MICHAEL LOMBOY; SCOTT
MOORE; D. STOKES; E. SMOOT; B.
16 RHODA; R. RODRIGUEZ; K.
HANRICKSEN AKA K. HENRICKSEN; C.
17 KOZICKI; M. LOUDEN; B. CRIPE; S.
SANCHEZ; AND H. SOBERANO
18
19              Defendants.
20

21

22

23        Plaintiff, DELISSA CHASE ("Delissa" or "Plaintiff") hereby alleges against Defendants SAN

24 BERNARDINO COUNTY SHERIFF'S DEPARTMENT ("SBSD") and COUNTY OF SAN

25 BERNADINO ("SBC"), (collectively the "County") and Shannon D. Dicus; John McMahon; R.

26 Debevec; S. Kessler; Michael Lomboy; Scott Moore; D. Stokes; E. Smoot; B. Rhoda; R. Rodriguez;

27 K. Hanricksen aka K. Henricksen; C. Kozicki; M. Louden; B. Cripe; S. Sanchez; H. Soberano (each

28 individually a "Defendant officer" or "Defendant Officer" and collectively "Defendant officers" or

1   "Defendant Officers") (with all defendants each individually a "Defendant" and collectively

2   "Defendants")[1] as follows:

3                                        **I.**

4                                **INTRODUCTION**

5          1.     This action arises out of Defendants' intentional, reckless, and negligent wrongful

6   conduct including without limitation Defendants' violation of Plaintiff's constitutional civil rights,

7   Defendants' breach of and failure to adhere to its statutory duties and obligations owed to Plaintiff,

8   Defendants' negligence leading toward damages and harm to Plaintiff, and the other wrongful

9   conduct alleged herein giving rise to substantial damages suffered by Plaintiff.

10         2.     Plaintiff is a white female.

11         3.     Plaintiff is also a United States military veteran who has been deemed totally and

12   permanently disabled and suffers from severe post traumatic stress disorder ("PTSD") as a result of

13   or related to her military service.

14         4.     Plaintiff had only recently before Defendants' wrongful conduct at issue in this case

15   purchased her property and was in the process of building/rebuilding a home on the property and

16   converting the property into a "retreat", a safe haven or environment, for military veterans and ex law

17   enforcement / first responder personnel who also suffer from PTSD and/or similar conditions to try

18   to assist them in dealing with their PTSD and/or other trauma related to, or stemming from, their prior

19   service.

20         5.     The 1,000 foot overview is that Defendants allegedly obtained two separate search

21   warrants for the property/land adjacent to the property owned by Plaintiff, which was owned by

22   another individual namely a male of Asian decent.  However in violation of Plaintiff's various rights

23   Defendants executed these search warrants on and against Plaintiff and Plaintiff's property and

---

24

25   [1] It is Plaintiff's counsel's understanding that the County's counsel of record has been authorized to accept service of the
     Amended Complaint with respect to the new defendants, namely the individually named sheriffs/officers so as to try to
26   avoid associated fees and expenditures.  Given the County has not yet produced documents and information in compliance
     with its statutory duties, as alleged in the claim below, certain complete information such as the full names of the officers,
27   remain unknown to Plaintiff as yet.  However such failure to comply with such statutory obligations only underscores the
     County's liability relative to that claim.  Plaintiff's counsel would respectfully simply request that to the extent Plaintiff's
28   counsel is incorrect in this belief that the Defendant County's counsel let Plaintiff's counsel know so that Plaintiff's
     counsel can take appropriate steps to serve the individual sheriff defendants.

**FIRST AMENDED COMPLAINT**

vehicle by pointing loaded weapons at her, handcuffing her in the back of Defendants' vehicle, and refusing to show or her provide her a copy of the alleged warrant Defendants claimed they had allowing them to detain Plaintiff and search her, her property, and her vehicle.  The truth of the matter is that Defendants had no such warrant.

6.      Neither alleged search warrant was specifically for Plaintiff or Plaintiff's property or Plaintiff's vehicle.

7.      Unfortunately, as Defendants have prevented Plaintiff from obtaining critical and statutorily guaranteed information related to the facts giving rise to this case, Plaintiff does not know whether the alleged warrants were validly obtained and therefore for purposes of this allegation Plaintiff asserts that the alleged warrants were or may have been obtained improperly and thus were in and of themselves invalid.  However, again the alleged warrants were not related to Plaintiff or Plaintiff's property.[2]

8.      Defendants did not have any warrant to enter or search or take possession of Plaintiff's property, nor did Defendants have any warrant to arrest, hold, or otherwise detain Plaintiff herself.  Nevertheless, that is exactly what Defendants did.

9.      Defendants did not have any warrant that specifically identified Plaintiff as covered by the warrant.

10.      Defendants did not have any warrant that specifically identified Plaintiff's property, home, or vehicle as covered by the warrant.

---

[2] To be clear, subsequent to filing the Complaint in State Court and the County's removal of the case to Federal Court, Defendants' counsel did courteously provide to Plaintiff's counsel some, but not all, documents related to the warrants and search.  This issue or allegation is not directed at Defendant's counsel.  However the fact remains that Defendants remain liable for failing to produce all necessary/statutorily required documents and information as alleged in the Complaint / claims below.  Thus, given such claims give rise to, and entitle Plaintiff to the recovery for, damages, as well as attorneys fees and costs, those damages, fees, and costs, continue to increase until such time as Defendants fully comply with their statutory obligations.

For example, as alleged in the original complaint and highlighted again below, during the search and arrest or detention of Plaintiff, Defendants refused to provide Plaintiff a copy of the alleged warrant or even show Plaintiff a copy of the alleged warrant.  Only afterward did Defendants cursorily allow Plaintiff to see an alleged warrant, which was clearly not related to Plaintiff or Plaintiff's property.  It now appears that in fact Defendants applied for and obtained not merely the single warrant Defendants cursorily and reluctantly showed to Plaintiff after detaining and searching Plaintiff, but rather two separate warrants both of which were for the neighbor's property—still Defendants intentionally and/or negligently executed those warrants against/on Plaintiff and Plaintiff's property and vehicle.

**FIRST AMENDED COMPLAINT**

11.    In fact, Defendants went through the tedious and presumably detailed process of obtaining not one warrant, but two separate search warrants, which not only identified the neighbor's property(s) by parcel number but also address number.  Both the parcel numbers and address numbers related to the neighbor's property(s) and not Plaintiff's property.  Indeed the warrants and supporting documents for the warrants reflect that Defendants had researched the property(s) and knew or should have known that the parcel numbers and address numbers belonged specifically to the neighbor's property(s).  Moreover, the alleged warrant supporting documents even reflect that Defendants had identified the neighbor and even knew his name clearly indicating he was an Asian male.  Again, Plaintiff is a white female.  (See **Exhibits 10, 11, 12, 13, and 14**; **Exhibit 10** is a true and correct copy of the alleged warrant relating to 77627 Two Mile Road; **Exhibit 11** is a true and correct copy of the crime report related to the alleged warrant relating to 77627 Two Mile Road; **Exhibit 12** is a true and correct copy of the alleged warrant relating to 77575 Two Mile Road; **Exhibit 13** is a true and correct copy of the crime report related to 77575 Two Mile Road; **Exhibit 14** is a true and correct copy of the operation report related to the warrants.

12.    The alleged warrants and supporting documents reflect that the alleged warrants were applicable to "APN 0625-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 / [77627 Two Mile Road] Twentynine Palms CA 92277" and "77575 Two Mile Road, Wonder Valley, California, 92277 (APN 0625-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)" (See **Exhibits 10 and 12**)

13.    Plaintiff's property however is 77655 Two Mile Road, Twentynine Palms, California 92277 with parcel number APN 0625-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. (**Exhibit 16** is a true and correct copy of photographs taken by Plaintiff reflecting the address sign at the entrance to her property driveway reflecting an address of 77655 Two Mile Road)

14.    Moreover, strikingly, the supporting documents relative to the alleged warrants, both alleged warrants, make absolutely no reference to Plaintiff and/or Plaintiff's property.  Indeed the supporting documents, some of which appear to have been prepared after the search was conducted given they describe how the search was performed and how the alleged warrants were executed literally do <u>not</u> reference the search of Plaintiff or Plaintiff's property, Defendants' detention of Plaintiff, or the execution of any warrant regarding, on, or related to Plaintiff or Plaintiff's property.

**FIRST AMENDED COMPLAINT**

One can only assume that Defendants intentionally neglected to include any reference to Defendants' conduct related to Plaintiff in any of their documentation relative to their obtaining and execution of the search warrants. (**Exhibits 11, 13**)

15.     In short, and as more fully elaborated below, without any warrant relative to Plaintiff or Plaintiff's property, Defendants illegally entered Plaintiff property, pointed multiple weapons, including pistols and police assault riffles at her head, and thereafter handcuffed and shoved her into the back of a County sheriff's vehicle and proceeded to search and ransack her house, all after and while refusing to show Plaintiff, let alone provide a copy to Plaintiff, of any warrant permitting Defendants to conduct the search of Plaintiff and her property.  Indeed, upon multiple requests by Plaintiff during the ordeal for Defendants to show or provide her a copy of any alleged warrant authorizing the search, Defendants literally refused to do so and went so far as to state that they had no obligation to, and had a policy not to, provide or show Plaintiff any warrant.

16.     Significantly, Defendants did not enter Plaintiff's property from either the neighboring 77575 Two Mile Road property or 77627 Two Mile Road property which were the actual properties subject to the alleged warrants.  It was not as if Defendants first entered one of the properties identified in the warrants and then mistakenly crossed into Plaintiff's property.

17.     Rather Defendants entered Plaintiff's 77655 Two Mile Road property by way of Plaintiff's driveway.  (see **Exhibit 16** copy of photographs reflecting Plaintiff's 77655 Two Mile Road address number located at the entrance of Plaintiff's property driveway).  In fact, Defendants could not have entered Plaintiff's property from the neighbor's property, because, as Defendants literally stated in their alleged warrants and supporting documents, there exists a huge long green fence separating Plaintiff's property from the property(s) named in the warrants. (**Exhibits 6, 10, 11, 12, 13, 14**)

18.     After a significant period of time of trauma inflicted upon Plaintiff by Defendants, and after continually refusing to provide Plaintiff with a copy of any alleged warrant, Defendants ultimately did show her a copy of one alleged warrant, which clearly reflected that Defendants did not have any warrant related to Plaintiff or Plaintiff's property.

19.     In fact, upon asking Defendants why they thought they had the right to do what they

did, after seeing that the alleged warrant had nothing to do with Plaintiff and clearly described the property adjacent to Plaintiff's property, one of Defendants responded with words very close, if not identical to, "If you have a problem, why don't you go start a GoFundMe page and sue us." Upon information and belief, Plaintiff believes this Defendant sheriff was Defendant R. Debevec because the County found and/or sustained the allegations that Sergeant Debevec acted unprofessionally toward Plaintiff during the search warrant service at issue in this case. (**Exhibit 9**)

20.     Upon information and belief, the San Bernadino Sheriffs Department has a significant history of failing to adhere to proper police / law enforcement procedures and violations of persons' due process and/or civil rights among other wrongful conduct. This case or the facts giving rise to this case is yet another example of bad, wrongful, and/or illegal conduct on its or its employees part that justify a real investigation into its/their practices, policies, and procedures and the need for injunctive or other similar relief to ensure that the public is protected from further such conduct. (See **Exhibit 15** which are true and correct copies of articles downloaded from the Internet regarding or referencing the County and/or Sheriffs Department.)

# II.

## PARTIES

21.     Plaintiff, DELISSA CHASE, is a California citizen and resident residing in this district of California.

22.     Upon information and belief, Defendant SAN BERNADINO SHERIFFS DEPARTMENT is a public agency and department within or controlled by Defendants OF SAN BERNADINO located and providing services in the County of San Bernadino.

23.     Upon information and belief, the COUNTY OF SAN BERNADINO is a public agency or governmental body providing governmental services for and within the County of San Bernadino.

24.     Upon information and belief Defendant SHANNON D. DICUS is a California citizen and resident residing in this district and/or employee of the County.

25.     Upon information and belief Defendant JOHN MCMAHON is a California citizen and resident residing in this district and/or employee of the County.

26.     Upon information and belief Defendant R. DEBEVEC is a California citizen and

resident residing in this district and/or employee of the County.

27.     Upon information and belief Defendant S. KESSLER is a California citizen and resident residing in this district and/or employee of the County.

28.     Upon information and belief Defendant MICHAEL LOMBOY is a California citizen and resident residing in this district and/or employee of the County.

29.     Upon information and belief Defendant SCOTT MOORE is a California citizen and resident residing in this district and/or employee of the County.

30.     Upon information and belief Defendant D. STOKES is a California citizen and resident residing in this district and/or employee of the County.

31.     Upon information and belief Defendant E. SMOOT is a California citizen and resident residing in this district and/or employee of the County.

32.     Upon information and belief Defendant B. RHODA is a California citizen and resident residing in this district and/or employee of the County.

33.     Upon information and belief Defendant R. RODRIGUEZ is a California citizen and resident residing in this district and/or employee of the County.

34.     Upon information and belief Defendant K. HANRICKSEN AKA K. HENRICKSEN is a California citizen and resident residing in this district and/or employee of the County.

35.     Upon information and belief Defendant C. KOZICKI is a California citizen and resident residing in this district and/or employee of the County.

36.     Upon information and belief Defendant M. LOUDEN is a California citizen and resident residing in this district and/or employee of the County.

37.     Upon information and belief Defendant B. CRIPE is a California citizen and resident residing in this district and/or employee of the County.

38.     Upon information and belief Defendant S. SANCHEZ is a California citizen and resident residing in this district and/or employee of the County.

39.     Upon information and belief Defendant H. SOBERANO is a California citizen and resident residing in this district and/or employee of the County.

40.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each

**FIRST AMENDED COMPLAINT**

1  Defendant was the agent, representative, affiliate, parent, subsidiary, employer, and/or employee of

2  each of the other Defendant and, in doing each of the things herein alleged, was acting within the

3  scope of such agency and/or employment.

## III.

### JURISDICTION AND VENUE

6   41.   This case arises out of Defendants' illegal and wrongful conduct as alleged in more

7  detail herein.

8   42.   Subsequent to Plaintiff's filing this case in California State Court, Defendant the

9  County, removed this case to Federal Court, the United States District Court for the Central District

10  of California.

11   43.   This Court properly has jurisdiction as the events giving rise to the causes of action

12  alleged herein occurred in the State of California within this judicial district; Plaintiff was harmed in

13  this judicial district; that Defendants conduct business in this judicial district; Plaintiff asserts claims

14  based upon and alleging Defendants' violation of Federal law and/or statute, including violation of

15  Plaintiff's rights provided for under the United States Constitution, and that the damages arising out

16  of the alleged causes of action exceed the jurisdictional limits of any court such that this action is

17  brought before this Court in the proper forum and venue.

18   44.   Venue is proper in the district on either of the following grounds: (a) a substantial part

19  of the events giving rise to the instant claims for relief and the subject matter thereof occurred in this

20  district, including, without limitation, that Defendants operate and provide services in this district in

21  California and Defendants engaged in the relevant wrongful conduct alleged in this complaint in this

22  district in California; and (b) Defendants are subject to personal jurisdiction in this district in that

23  Defendants conduct business in the State of California and within this district, including law

24  enforcement and/or governmental services within California and within this district.

## IV.

### COMPLIANCE WITH GOVERNMENT TORT CLAIMS ACT

27   45.   Plaintiff has complied with all necessary and/or relevant requirements for purposes of,

28  or as required by, the Government Tort Claims Act relative to filing this action.

**FIRST AMENDED COMPLAINT**

46.    Plaintiff timely submitted or presented a notice of claim to the County regarding the facts and circumstances of this case on or about January 25, 2022.  Plaintiff presented her own claim individually on or about January 25, 2022.  A true and correct copy of that notice of claim is attached **Exhibit 1**.  Thereafter in an abundance of caution Plaintiff again presented a claim through counsel on or about February 17, 2022.   A true and correct copy of that letter is attached as **Exhibit 2**.

47.    The County subsequently rejected Plaintiffs claim on or about March 9, 2022.  A true and correct copy of the rejection is attached as **Exhibit 3**.

## V.

## DEFENDANTS ARE "STATE ACTORS" ACTING UNDER COLOR OF STATE LAW AND/OR SUBJECT OR PURSUNT TO STATE ACTION.

48.    At all relevant times each Defendants individually and collectively are and were a "state actor" and/or acted under color of state law and/or subject or pursuant to state action.

49.    At all relevant times each Defendants, individually and collectively are and were a local, county, or governmental body or agency or the employee or contractor of a local, county, or governmental body or agency ("State Actor") and the wrongful conduct alleged herein to have been committed by Defendants was performed, engaged in, approved, ratified, permitted, or otherwise allowed in connection with or as part Defendants being State Actors.

## VI.

## STATEMENT OF FACTS

50.    Plaintiff realleges and incorporates all prior paragraphs and allegations as if alleged in full herein.

## Defendants Did Not Have A Warrant To Enter, Search, Seize, Or Detain Plaintiff And/Or Plaintiff's Property, Home, And/Or Vehicle.

1.    Delissa is a totally and permanently disabled female United States military veteran. She suffers from significant Post Traumatic Stress Disorder ("PTSD") as a result of her military service.

2.    On or about January 11, 2022 at approximately 10 a.m., Defendants in approximately 12 to 14 vehicles, arrived at Delissa's residence.

3.     Delissa was standing in her driveway, for lack of a better term, and upon the officers' arrival they immediately exited their vehicles, drew their weapons (which included both handguns and assault rifles), and pointed them at Delissa for no reason and without justification.

4.     Upon inquiry by Delissa as to why the officers were on her property, one of the officers indicated that they were there to conduct a search of the property for evidence of marijuana cultivation.

5.     Delissa immediately responded indicating that they were on the wrong property and that they were likely looking for the property next door.

6.     Delissa had literally only recently before Defendants' wrongful conduct at issue in this case purchased her property and was in the process of building/rebuilding a home on the property and converting the property into a "retreat", a safe haven or environment, for military veterans and ex law enforcement / first responder personnel who also suffer from PTSD and/or similar conditions to try to assist them in dealing with their PTSD and/or other trauma related to, or stemming from, their prior service.

7.     The Defendant officers responded that Delissa was incorrect and that they had a warrant to search the property/premises related to marijuana cultivation.

8.     However, when Delissa specifically asked to see the warrant, the Defendant officers flatly refused to provide her with a copy of, or allow her to view, the warrant.

9.     In fact over the course of this ordeal Delissa specifically asked to see the warrant numerous times and indicated that the officers had no legal right search or otherwise enter the premises without a proper warrant and without showing her the warrant to search / enter her property and premises.  Each time the officers refused to provide Delissa with a copy of, or show her, the warrant.  In fact, the officers went so far as to indicate to Delissa that they had no obligation to, and had a policy not to, provide or show persons such as Delissa a copy of search warrants.

10.     Instead, rather than adhering to basic fundamental legal and constitutional principles and affording Delissa her various legal and constitutional rights, the officers handcuffed Delissa, frisked her, and forced her into the back seat of one of Defendants vehicles.

11.     Prior to forcing her into the back of the vehicle, but after handcuffing her, Defendants

frisked her.  However, although there was a female officer on site, Defendants had a male officer conduct the frisk.  Again, Plaintiff is a female.

12.     The officers then left her in the vehicle for roughly a half hour while they searched both her home and vehicle.

13.     Again, the officers had consistently refused to show Delissa the purported search warrant although directly asked by Delissa to see it.

14.     After roughly 30 minutes of searching Delissa's home and vehicle, and finding nothing, the officers returned and pulled Delissa out of Defendants' vehicle, but left her in handcuffs. The officer in charge then read Delissa her *Miranda* rights—up until this point not a single officer had advised Delissa of her rights, let alone her *Miranda* rights.

15.     Thereafter, Defendants finally removed the handcuffs and Delissa then asked one final time to see the alleged warrant the officers claimed provided them authority to search her property, home, and car.  Only now, after Defendants had searched Delissa's home, property, and vehicle, and after several times refusing to even allow her to see the warrant, let alone provide her a copy of it, did the officer in charge allow Delissa to view the alleged warrant.  However, the officer did not provide Delissa a copy of the warrant and Delissa was only allowed such little time to see the warrant that she was only able to capture a partial image of the warrant with her phone.  A true and correct copy of the partial image of the warrant is attached as **Exhibit 4**.[3]

16.     However, upon inspection, it was plainly evident that the warrant was *not* for Delissa' property, home, or car, but rather related to the property next door, precisely as Delissa had advised the Defendant officers from the outset.

17.     Delissa pointed this fact out to the Defendant officers and asked why they believed they had a right to enter and search her property, point guns at her, and handcuff her and shove her in the back of a County vehicle, when they clearly did not have a warrant related to Delissa and/or her property, home, or vehicle.

18.     To this the Defendant officers had no response other than apparently to try to further

---

[3] As noted above, subsequent to the filing of the complaint in State Court and removal to Federal Court, Defendant's counsel did provide Plaintiff's counsel with a copy of the full warrant.

inflame the situation and cause further harm and emotional distress—indeed one of the Defendant officers flippantly responded to Delissa something almost identical to, "If you have a problem, start a GoFundMe, and sue us."  Upon information and belief this Defendant officer is and was Defendant R. Debevec.

      19.    Defendants did not have a warrant related to Delissa.

      20.    Defendants unlawfully searched and/or detained and/or arrested Delissa.

      21.    Defendants did not have a warrant related to Delissa's property.

      22.    Defendants unlawfully searched Delissa's property.

      23.    Defendants did not have a warrant related to Delissa's home.

      24.    Defendants unlawfully searched Delissa's home.

      25.    Defendants did not have a warrant related to Delissa's vehicle.

      26.    Defendants unlawfully searched Delissa's vehicle.

**Defendants Did Not Have, And Could Not Have Had, A Reasonable Belief That The Warrants Defendants Allegedly Had Related To Delissa And/Or Delissa's Property, Home, Or Vehicle.**

      27.    Delissa was able to obtain a partial photograph of the alleged warrant which Defendants were allegedly attempting to enforce or execute.  A true and correct copy of the partial portion of the warrant is attached as **Exhibit 4**.

      28.    Subsequently, it has become evident that Defendants had applied for, and obtained, not one, but two, separate warrants, neither of which were for Plaintiff or Plaintiff's property.

      29.    Moreover, after filing the complaint, Defendants' counsel did provide Plaintiff's counsel with a full copy of the alleged warrants.  Significantly, until such disclosure Plaintiff and Plaintiff's counsel were under the impression that there existed only a single alleged warrant. However it appears that Defendants actually went through the process to, and did, obtain two separate warrants each of which was for and related to the neighboring property(s) and not for or related to Delissa or Delissa's property.

      30.    Upon information and belief, a review of the warrants evidence that Defendant officers had already inspected the actual property(s) about which the warrants related ("Subject Property(s)"). Upon information and belief the Subject Property(s) are the property(s) adjacent to Delissa's property

1    and *not* Delissa's property.

2         31.    First off, the parcel numbers reflected on the warrants for the Subject Property(s) are

3    *not* the parcel number of Delissa's property.  (**Exhibits 10, 12**)

4         32.    The alleged warrants and supporting documents reflect that the alleged warrants were

5    applicable to "APN 0625-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 / [77627] Twentynine Palms CA 92277" and "77575 Two

6    Mile Road, Wonder Valley, California, 92277 (APN 0625-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)". (**Exhibits 10-14**)

7         33.    Delissa's property however is 77655 Two Mile Road, Twentynine Palms, California

8    9277 (see **Exhibit 16**) with parcel number APN 0625-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.

9         34.    Moreover, strikingly, the supporting documents relative to the alleged warrants, both

10   alleged warrants, make absolutely no reference to Delissa and/or her property.  Indeed the supporting

11   documents, which appear to have been prepared *after* the search was conducted, given they describe

12   how the searches were performed and how the alleged warrants were executed, literally do not

13   reference the search of Delissa or her property, or home, or car, Defendants' detention of Plaintiff, or

14   the execution of any warrant regarding or on or related to Delissa or her property.  (**Exhibits 11, 13**)

15        35.    Delissa's property and the Subject Property are separated by a large long chain link

16   fence, which has been largely covered to make it difficult to see into the Subject Property from

17   Delissa's property. (**Exhibit 6**)

18        36.    The warrants reference, among other things that were identified to be on the Subject

19   Property, "greenhouses, each measured approximately 100 feet in length and 30 feet in width. . . . I

20   smelled the strong odor of marijuana coming from inside the greenhouses.  . . . white plastic. . . ."

21   (**Exhibits 4, 10**.)

22        37.    Even basic math reflects that these greenhouse structures were very large structures,

23   essentially buildings, of approximately 3,000 square feet in size.  Moreover the warrants describe

24   them as having white plastic on them.

25        38.    There is no way Defendant officers could have reasonably believed they were on the

26   Subject Property when they entered Delissa's property.

27        39.    Significantly, Defendants did not enter Delissa's property from either the neighboring

28   77575 Two Mile Road property or 77627 Two Mile Road property which were the actual properties

**FIRST AMENDED COMPLAINT**

subject to the alleged warrants.  It was not as if Defendants first entered one of the properties identified in the warrants and then mistakenly crossed into Delissa's property.

40.     Rather Defendants entered Delissa's 77655 Two Mile Road property by way of her driveway.  (see **Exhibit 16** copy of photographs reflecting Plaintiff's 77655 Two Mile Road address number located at the entrance of Plaintiff's property driveway).  Defendants could not have entered Delissa's property from the neighbor's property, because, as Defendants literally stated in their alleged warrants and supporting documents, there exists a huge long green fence separating Plaintiff's property from the property(s) named in the warrants.

41.     In fact Delissa took photographs shortly after the incident giving rise to this complaint, which clearly reflect that it would have been unreasonable for Defendants officers to believe they were on the subject property.  Attached as **Exhibits 5 and 6** are true and correct copies of images taken from Delissa's property toward and into the adjacent property, the Subject Property.  **Exhibit 5** shows the very large greenhouse structures identified in the warrant—these greenhouse structures at all times were never on Delissa's property.  **Exhibit 6** reflects the view from the approximate location on Delissa's property where the circumstances giving rise to this complaint took place looking toward the large long fence separating Delissa's property from the Subject Property not only that the properties are very much separated, but that the very large white structures, which were identified as greenhouses in the warrant, are clearly on the Subject Property, which is not and was never Delissa's property. (Of course the two arrows and word "Greenhouses" were added to identify the structures in the picture for the Court and reader.)

**The County Refuses And/Or Fails To Provide Statutorily Required Information Likely In Hopes Of Thwarting Delissa's Ability To Adequately Prosecute Her Claims.**

42.     On or about March 9, 2022, the County rejected Delissa's claim.

43.     In connection with her approximately January 25, 2022 claim, Delissa also requested documents and information related to the incident that occurred on January 11, 2022.  The County's record request system recorded that request as Public Records Act request #22-118 seeking all records related to the incident which occurred on January 11, 2022 at or around Two Mile Rd and Pinto Mountain Rd in Twentynine Palms.  The County denied Delissa's request for information and

1    documents and provided no information and no documents.

2        44.    Although Delissa's counsel's further claim related letter specifically sought to open

3    up resolution dialogue with the County, neither Delissa nor Delissa's counsel was contacted by the

4    County to discuss this case.

5        45.    To be clear, prior to Delissa's counsel sending his February 17, 2022 letter, a member

6    of the County sheriff's internal investigation department did reach out to Delissa to discuss her

7    complaint.  In response Delissa's counsel responded that he would be happy to discuss the matter

8    with the internal investigation department officer, however neither Delissa nor Delissa's counsel was

9    contacted by him or any other County employee or representative to discuss the events that gave rise

10   to this case.

11       46.    Subsequent to the County's rejection of Delissa's claim, Delissa's counsel sent yet a

12   further correspondence seeking to discuss the facts giving rise to this complaint.  In connection with

13   that letter, Delissa, through counsel, demanded that the County produce all relevant documents and

14   information required to be produced relative to the facts and circumstances giving rise to this

15   complaint as provided for under various statutes, including without limitation, California Public

16   Records Act, Gov't Code §§ 6250 et seq., California Penal Code §§832.7-832.8, and Art. I, § 3(b) of

17   the California Constitution.  A true and correct copy of the letter including document/information

18   requests is attached as **Exhibit 7**.

19       47.    As of the date of the filing of the Complaint in State Court, the County had not

20   produced a single document or other piece or type of information in response to the document and

21   information requests.  Indeed, the County document request portal reflects that no documents or

22   information has been produced in response to the requests.  Rather the County merely attempted to

23   indicate that it needed more time, but, in violation of its statutory obligations, provided no substantive

24   bases for the requested extension to produce information / documents.  Attached as **Exhibit 8** are true

25   and correct copies of printouts from the County records request portal.

26       48.    As of the date of the filing of this Complaint, the County still has not produced a single

27   document or other piece or type of information in response to the document and information requests.

28       49.    However, to be clear, Defendants' counsel has produced a copy of the two warrants,

the two associated crime reports, a call log, and the operations report related to execution of the search warrant related to the Subject Property(s). These documents however make no reference to Delissa or Delissa's property and make no reference to Defendants' search and/or detention of Delissa and/or her property. No other documents or information has been provided to Plaintiff or Plaintiff's counsel in response to the document/information requests, such as and/or including without limitation employment or disciplinary record or related documents or information or any other information related to the circumstances giving rise to this case. Indeed, although the documents recently produced by Defendants' counsel provide the last names of some of the Defendant officers involved, because the County has refused to abide by its statutory obligations the County continues to hinder Plaintiff's ability to reasonably and effectively prosecute this case.

50.    Plaintiff attempted to resolve this dispute with Defendants prior to, and without having to go to, litigation, however Defendants failed or refused to resolve or settle the dispute thus requiring the instant litigation.

51.    Upon information and belief, Defendants have policies, procedures, and/or practices whereby the conduct alleged herein, if not specifically authorized, permitted, condoned, or otherwise allowed, is indirectly, impliedly, or tacitly authorized, permitted, condoned, or otherwise allowed. Alternatively to the extent there are policies, procedures, or practices whereby such conduct is specifically prohibited then Defendants did fail and has failed to ensure that its employees and/or contractors adhere to such policies, procedures, and/or practices, which in and of itself is wrongful or negligent acts on the part of Defendants and also results in the implied, indirect, or tacit approval, authorization, permission, allowance, or condoning of the wrongful conduct alleged herein. Significantly, Defendants' investigative response or findings letter to Delissa appears to provide evidentiary support for the notion that Defendants has such policies, practices, and procedures that allow for the conduct alleged in the complaint or fail to properly enforce the policies, practices, and procedures that would otherwise specifically prohibit the conduct alleged in the complaint. Attached as **Exhibit 9** is the County Sheriffs' Department investigation findings letter exonerating most of the officers from the conduct alleged herein and only sustaining the allegations as to one of the officers.
///

# VII.

## CLAIMS FOR RELIEF[4]

### FIRST CLAIM FOR RELIEF

### Violation of Public Records Act – Cal. Gov. Code §§ 6250 et seq.

### (Against The County)

52.     Plaintiff incorporates the allegations above as if fully stated herein.

53.     Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

54.     The County is/was required to produce, make available, or make open for inspection documents and/or information requested pursuant to a Public Records Act request for information and/or documents, subject to certain statutory exceptions or exemptions.

55.     The County is statutorily required to respond and/or produce or make available the documents/information within 10 days of receipt of the public records request.

56.     Specifically the Public Records Act provides in pertinent part:

(c) Each agency, upon a request for a copy of records, shall, within 10 days from receipt of the request, determine whether the request, in whole or in part, seeks copies of disclosable public records in the possession of the agency and shall promptly notify the person making the request of the determination and the reasons therefor. In unusual circumstances, the time limit prescribed in this section may be extended by written notice by the head of the agency or their designee to the person making the request, setting forth the reasons for the extension and the date on which a determination is expected to be dispatched. No notice shall specify a date that would result in an extension for more than 14 days. When the agency dispatches the determination, and

---

[4] Defendants SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT ("SBSD") and COUNTY OF SAN BERNADINO ("SBC"), (collectively the "County"), and Shannon D. Dicus; John McMahon; R. Debevec; S. Kessler; Michael Lomboy; Scott Moore; D. Stokes; E. Smoot; B. Rhoda; R. Rodriguez; K. Hanricksen aka K. Henricksen; C. Kozicki; M. Louden; B. Cripe; S. Sanchez; H. Soberano (each individually a "Defendant officer" or "Defendant Officer" and collectively "Defendant officers" or "Defendant Officers") (with all defendants each individually "Defendant" and collectively "Defendants")

if the agency determines that the request seeks disclosable public records, the agency shall state the estimated date and time when the records will be made available. As used in this section, "unusual circumstances" means the following, but only to the extent reasonably necessary to the proper processing of the particular request:

(1) The need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request.

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are demanded in a single request.

(3) The need for consultation, which shall be conducted with all practicable speed, with another agency having substantial interest in the determination of the request or among two or more components of the agency having substantial subject matter interest therein.

(4) The need to compile data, to write programming language or a computer program, or to construct a computer report to extract data.

(d) Nothing in this chapter shall be construed to permit an agency to delay or obstruct the inspection or copying of public records.

Cal. Gov. Code, § 6253

57.   Delissa made an initial public records request on or about January 14, 2022.  On January 21, 2022 the County flatly refused to produce, make available, make open for inspection, or otherwise provide any information or documents related to or responsive to the public records request.

58.   On or about March 11, 2022, through counsel, Delissa made a Public Records Act request requesting information and documents related to the facts and circumstances giving rise to this complaint.  (**Exhibit 7**.)

59.   As of the date of the filing of the Complaint in State Court, the County had not produced a single document or other piece or type of information in response to the document and information requests.  Indeed, the County document request portal reflects that no documents or information has been produced in response to the requests.  Rather the County merely attempted to indicate that it needed more time, but, in violation of its statutory obligations, provided no substantive

1    bases for the requested extension to produce information / documents.  Attached as **Exhibit 8** are true

2    and correct copies of printouts from the County records request portal.

3           60.    As of the date of the filing of this Complaint, the County still has not produced a single

4    document or other piece or type of information in response to the document and information requests.

5           61.    However, to be clear, Defendants' counsel has produced a copy of the two warrants,

6    the two associated crime reports, a call log, and the operations report related to execution of the search

7    warrant related to the Subject Property(s).  These documents however make no reference to Delissa

8    or Delissa's property and make no reference to Defendants' search and/or detention of Delissa and/or

9    her property.  No other documents or information has been provided to Plaintiff or Plaintiff's counsel

10   in response to the document/information requests, such as and/or including without limitation

11   employment or disciplinary record or related documents or information or any other information

12   related to the circumstances giving rise to this case.  Indeed, although the documents recently

13   produced by Defendants' counsel provide the last names of some of the Defendant officers involved,

14   because the County has refused to abide by its statutory obligations the County continues to hinder

15   Plaintiff's ability to reasonably and effectively prosecute this case.

16          62.    The County has merely identified the officers in question by first initial and last name

17   but provided no other information or documents in response to the records request.

18          63.    In fact the County has merely continually indicated that it needs more time to respond

19   but in so doing has failed to adhere to its statutory obligations to provide sufficient information and

20   reasoning for the needed extension.  The last communication from the County regarding the records

21   request was in July indicating that it needed until July 22, 2022.  The County has not responded or

22   communicated at all regarding the records request since that early July communication.  The County

23   has not produced or otherwise made available any documents or information, other than the first initial

24   and last name of the officers involved, in response to the records request.

25          64.    The County's conduct has hindered and will continue to hinder Plaintiff's ability to

26   properly and/or adequately prosecute this case and/or adequately vindicate her rights and protect her

27   interests.

28          65.    The County has violated its statutory obligations and duties under the Public Records

1  Act, including without limitation those promulgated or required under Cal. Gov. Code §§ 6250 et
2  seq., and Cal. Gov. Code §§ 6253 and 6254.

3      66.    Such violation of its obligations and duties under the Public Records Act subjects the
4  County to liability, including without limitation under Cal. Gov. Code § 6258.

5      67.    Plaintiff has suffered harm and damages as a result of the County's conduct and will
6  continue to suffer ongoing harm as a result of the County's conduct if appropriate injunctive relief is
7  not awarded.

8      68.    The County is also subject to injunctive relief to not only require the production of all
9  documents and information withheld or not produced/made available, but so too to prevent the County
10 from further conduct similar to the conduct alleged herein.

11     69.    The County is liable for damages suffered by Plaintiff as a result of the County's
12 conduct.

13     70.    The County is liable for Plaintiff's attorneys fees and costs of litigation.

14     71.    To the extent permissible or authorized by statute, law, contract, the Court, or jury, as
15 a result of the intentional nature of the County's conduct, the County is liable to Plaintiff for punitive
16 damages.

**SECOND CLAIM FOR RELIEF**

**<u>Violation of Fourth Amendment</u>**

**<u>(Against All Defendants)</u>**

20     72.    Plaintiff incorporates the allegations above as if fully stated herein.

21     73.    Plaintiff specifically incorporates herein this claim the allegations set forth in the
22 Statement of Facts above.

23     74.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant
24 to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other
25 applicable statute.

26     75.    At all relevant times each Defendant individually and collectively is and was a "state
27 actor" and/or acted under color of state law and/or subject or pursuant to state action.

28     76.    Defendants' conduct as alleged herein and/or the policies and practices of Defendants

giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's right to be free of unreasonable searches and seizures, right to free from the use of unreasonable or excessive force, and/or right to be free from police misconduct in violation of the Fourth Amendment to the United States Constitution.

77.     As a direct and proximate result of the unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

78.     Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

79.     Plaintiff is also entitled to injunctive relief as against Defendants.

80.     The defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

## THIRD CLAIM FOR RELIEF

### Violation Of Fourteenth Amendment

### (Against All Defendants)

81.     Plaintiff incorporates the allegations above as if fully stated herein.

82.     Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

83.     Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute.

84.     At all relevant times each Defendant individually and collectively is and was a "state actor" and/or acted under color of state law and/or subject or pursuant to state action.

85.     Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's right to due process and/or right equal protection and/or right to be free from the deprivation of life, liberty, or property in violation of the

1    Fourteenth Amendment to the United States Constitution.

2        86.    As a direct and proximate result of the unlawful policies and acts of Defendants

3    described herein, Plaintiff has suffered damages including economic and noncomic damages,

4    including without limitation, severe and substantial emotional distress and Defendants are liable for

5    such damages.

6        87.    Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

7        88.    Plaintiff is also entitled to injunctive relief as against Defendants.

8        89.    The defendants acted intentionally, willfully, maliciously and/or with reckless

9    disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized

10   by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

11                          **FOURTH CLAIM FOR RELIEF**

12          **False Imprisonment, Unlawful Detainer, And/Or False Arrest**

13                          **(Against All Defendants)**

14       90.    Plaintiff incorporates the allegations above as if fully stated herein.

15       91.    Plaintiff specifically incorporates herein this claim the allegations set forth in the

16   Statement of Facts above.

17       92.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant

18   to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other

19   applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

20       93.    At all relevant times each Defendants individually and collectively is and was a "state

21   actor" and/or acted under color of state law and/or subject or pursuant to state action.

22       94.    Defendants' conduct as alleged herein and/or the policies and practices of Defendants

23   giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage

24   in the conduct alleged in this complaint violated Plaintiff's right to not be falsely imprisoned, right

25   not to be unlawfully detained, and/or right not to be falsely arrested.

26       95.    Defendants confined, imprisoned, detained, and/or arrested Plaintiff without

27   Plaintiff's consent or authorization.

28       96.    Defendants' conduct violated Plaintiff's rights and Defendants had no justification,

privilege, or other lawful basis for their conduct.

97.    Defendants' conduct was intentional, willful, grossly negligent, and/or negligent.

98.    As a direct and proximate result of the unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

99.    Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

100.    Plaintiff is also entitled to injunctive relief as against Defendants.

101.    The defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

## FIFTH CLAIM FOR RELIEF

## Negligent Use Of Deadly And/Or Non-Deadly Force

## (Against All Defendants)

102.    Plaintiff incorporates the allegations above as if fully stated herein.

103.    Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

104.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

105.    At all relevant times each Defendant individually and collectively is and was a "state actor" and/or acted under color of state law and/or subject or pursuant to state action.

106.    Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's rights.

107.    Defendants use of weapons during the incident constituted the use of deadly force, although no person was in fact killed.  Defendants use of deadly force was not necessary to defend human life.  Plaintiff was harmed and suffered damages as a result of Defendants conduct.

1    Defendants' use of deadly force was a substantial factor in causing Plaintiff to suffer harm.

2    108.    Alternatively, Defendants used non-deadly force to arrest and/or detain Plaintiff,

3    including without limitation pointing loaded weapons at Plaintiff.  That the amount of force used by

4    Defendants was not reasonable under the facts and circumstances.  Defendants conduct resulted in

5    harm and damages suffered by Plaintiff and Defendants' use of unreasonable force was a substantial

6    factor in causing Plaintiff's harm.

7    109.    As a direct and proximate result of the unlawful policies and acts of Defendants

8    described herein, Plaintiff has suffered damages including economic and noncomic damages,

9    including without limitation, severe and substantial emotional distress and Defendants are liable for

10    such damages.

11    110.    Defendants had a duty not to engage in the conduct as alleged including without

12    limitation a duty to act reasonably toward Plaintiff under the circumstances and a duty not to use

13    deadly force under the circumstances and/or a duty not to unreasonably use non-deadly force under

14    the circumstances.

15    111.    Defendants breached their duties and obligations owed to Plaintiff.

16    112.    Defendants' conduct / breaches of duties resulted in damages to Plaintiff.

17    113.    Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

18    114.    Plaintiff is also entitled to injunctive relief as against Defendants.

19    115.    The defendants acted intentionally, willfully, maliciously and/or with reckless

20    disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized

21    by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

22                                  **SIXTH CLAIM FOR RELIEF**

23                                  <u>**Trespass**</u>

24                                  <u>**(Against All Defendants)**</u>

25    116.    Plaintiff incorporates the allegations above as if fully stated herein.

26    117.    Plaintiff specifically incorporates herein this claim the allegations set forth in the

27    Statement of Facts above.

28    118.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant

to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

119.   At all relevant times each Defendant individually and collectively is and was a "state actor" and/or acted under color of state law and/or subject or pursuant to state action.

120.   Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's rights.

121.   Defendants did not have a warrant to enter Plaintiff's property, home, or vehicle.

122.   Defendants had no legal justification to enter Plaintiff's property, home, or vehicle.

123.   Plaintiff did not give Defendants consent to enter, come onto, or go into Plaintiff's property, home, and/or vehicle.

124.   Nevertheless Defendants intentionally, willfully, recklessly, and/or negligently entered and/or came onto or went into Plaintiff's property, home, and/or vehicle.

125.   As a direct and proximate result of the unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

126.   Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

127.   Plaintiff is also entitled to injunctive relief as against Defendants.

128.   The defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Violation of Right to Privacy

### (Against All Defendants)

129.   Plaintiff incorporates the allegations above as if fully stated herein.

130.   Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

131.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

132.    At all relevant times each Defendant individually and collectively is and was a "state actor" and/or acted under color of state law and/or subject or pursuant to state action.

133.    Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's right to privacy under the California Constitution Article 1.

134.    Plaintiff had a right to, and a reasonable expectation of, privacy relative to her property, home, and vehicle.

135.    Defendants' conduct violated Plaintiff's right to privacy and expectation of right to privacy, in her property, home, and/or vehicle.

136.    Defendants' conduct was unreasonable, egregious, serious, substantial, and/or otherwise violative of Plaintiff's right to privacy in her property, home, and/or vehicle.

137.    As a direct and proximate result of the unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

138.    Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

139.    Plaintiff is also entitled to injunctive relief as against Defendants.

140.    The defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

### EIGHTH CLAIM FOR RELIEF

### <u>Assault and/or Battery and/or Unlawful Touching</u>

### <u>(Against All Defendants)</u>

141.    Plaintiff incorporates the allegations above as if fully stated herein.

142.    Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

143.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

144.    Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's rights.

145.    Plaintiff is a female.

146.    At least one of the officers on site during the service and execution of the alleged warrant at Plaintiff's residence, regardless of whether the warrants or searches were valid or authorized, was female.

147.    Defendants refused to show or provide Plaintiff a copy of any warrant when the arrived and/or prior to detaining Plaintiff and searching Plaintiff and Plaintiff's proepty.

148.    Defendants handcuffed Plaintiff.

149.    Defendants also conducted a "frisk" of Plaintiff.

150.    The Defendant officer that conducted the frisk and touched Plaintiff all over to perform the frisk was one of the male officers even though at least one of the officers on site was female.

151.    Upon information and belief the male officer that conducted the frisk was either Defendant M. Lomboy or Defendant R. Debevec.[5]

152.    Defendants did not even ask Plaintiff if she would prefer the female officer to conduct the frisk.  Instead the male officer simply went ahead and frisked Plaintiff.

153.    The above described conduct, including without limitation the handcuffing and frisking of Plaintiff, especially the frisking of Plaintiff by a male officer when there was a female officer on site, constituted assault, battery, and/or an unwanted and unlawful touching.

---

[5] However Plaintiff reserved the right to amend based upon discovery and especially given Defendants as yet have not produced the required documents and information to allow Plaintiff to fully and adequately prosecute her case.

**FIRST AMENDED COMPLAINT**

154. Plaintiff did not want such touching(s).

155. Plaintiff did not consent to such touching(s).

156. Defendants conduct was intentional, willful, reckless, grossly negligent, and/or negligent.

157. Defendants knew and/or should have known that such conduct was improper and/or was otherwise wrongful and/or was a touching(s) that was not wanted by or consented to by Plaintiff and/or would or was likely to lead to harm and damages and such conduct did lead to harm and damages suffered by Plaintiff.

158. As a direct and proximate result of the Defendant's conduct and/or unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

159. Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

160. Plaintiff is also entitled to injunctive relief as against Defendants.

161. The defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

## NINTH CLAIM FOR RELIEF

### Negligence/Gross Negligence

### (Against All Defendants)

162. Plaintiff incorporates the allegations above as if fully stated herein.

163. Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

164. Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

165. Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage

1    in the conduct alleged in this complaint violated Plaintiff's rights.

2        166.    Defendants' owed Plaintiff various duties and obligations both under and statute and

3    otherwise relative to the facts and circumstances giving rise to this complaint including without

4    limitation, duties and obligations related to warrants, searches and seizures, demeanor or

5    professionalism of law enforcement toward the public, treatment of suspected targets of a warrant,

6    service of warrants, the handling of Public Records Act requests, and the training, supervision, and

7    discipline of law enforcement related personnel regarding those same issues, duties, and obligations.

8        167.    Defendants by engaging in the conduct alleged herein and/or having the policies,

9    practices, and procedures permitting or authorizing or allowing such conduct, either directly or

10   indirectly, or failing to enforce the policies, practices, or procedures specifically prohibiting such

11   conduct, resulted in Defendants breaching their duties and obligations owed to Plaintiff.

12       168.    Defendants, individually and collectively, owed Plaintiff a duty to reasonably

13   investigate and determine whether they were on/entering the proper/correct property immediately

14   prior to entering Plaintiff's property and had a further duty to again determine whether Defendants

15   were on the correct property upon Plaintiff's specifically raising the issue that Defendants were on

16   the wrong property.  Defendants breached that duty owed to Plaintiff and such breach caused harm

17   and damages to Plaintiff.

18       169.    Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty

19   to reasonably investigate and determine whether they were on/entering the proper/correct property

20   immediately prior to entering Plaintiff's property and had a further duty to again determine whether

21   Defendants were on the correct property upon Plaintiff's specifically raising the issue that Defendants

22   were on the wrong property.  Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached

23   that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

24       170.    Defendants, individually and collectively, owed Plaintiff a duty to stop the search once

25   Defendants had a reasonable reason to believe or reason to question whether they were at the wrong

26   address/property, including without limitation based upon the indication by Plaintiff that Defendants

27   were at the incorrect property/address.  Defendants breached that duty owed to Plaintiff and such

28   breach caused harm and damages to Plaintiff.

171.    Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty to stop the search once Defendants had a reasonable reason to believe or reason to question whether they were at the wrong address/property, including without limitation based upon the indication by Plaintiff that Defendants were at the incorrect property/address.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

172.    Defendants individually and collectively owed Plaintiff a duty to ensure that Defendants were serving and/or executing the warrants at the correct property/address, i.e. a duty to ensure that Defendants were not at the incorrect property/address.   Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

173.    Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty to ensure that Defendants were serving and/or executing the warrants at the correct property/address, i.e. a duty to ensure that Defendants were not at the incorrect property/address.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

174.    Defendants individually and collectively owed Plaintiff a duty to property and accurately describe the subject property or properties covered by the warrant to ensure that Defendants did not enter onto or otherwise execute or serve the warrant(s) on any unintended person or property, including without limitation Plaintiff, Plaintiff's property, Plaintiff's house, and/or Plaintiff's vehicle.   Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

175.    Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty to property and accurately describe the subject property or properties covered by the warrant to ensure that Defendants did not enter onto or otherwise execute or serve the warrant(s) on any unintended person or property, including without limitation Plaintiff, Plaintiff's property, Plaintiff's house, and/or Plaintiff's vehicle.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

176.    Defendants individually and collectively owed Plaintiff a duty not to trespass on

Plaintiff's property. Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

177. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty not to trespass on Plaintiff's property. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

178. Defendants individually and collectively owed Plaintiff a duty not to violate Plaintiff's privacy. Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

179. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty not to violate Plaintiff's privacy. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

180. Defendants individually and collectively owed Plaintiff a duty not to act unprofessionally toward Plaintiff. Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

181. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty not to act unprofessionally toward Plaintiff. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

182. Defendants individually and collectively owed Plaintiff a duty to reasonably provide or show Plaintiff a copy of the alleged warrant allegedly providing Defendants authority to detain Plaintiff and/or to search Plaintiff, Plaintiff's property, house, and/or vehicle prior to conducting the search and/or prior to conducting the search upon Plaintiff's raising concerns that Defendants were on the wrong property. Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

183. Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty to reasonably provide or show Plaintiff a copy of the alleged warrant allegedly providing Defendants authority to detain Plaintiff and/or to search Plaintiff, Plaintiff's property, house, and/or vehicle prior to conducting the search and/or prior to conducting the search upon Plaintiff's raising concerns that Defendants were on the wrong property. Defendants Lomboy, Debevec, Kessler, Moore, and

Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

184.    Defendants individually and collectively owed Plaintiff a duty not to act rudely toward Plaintiff or otherwise act in a fashion that would inflame the situation, including without limitation, telling Plaintiff that if she had a problem with Defendants' conduct that she should start a GoFundMe campaign and sue Defendants (or words very similar to that effect).  Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

185.    Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty not to act rudely toward Plaintiff or otherwise act in a fashion that would inflame the situation, including without limitation, telling Plaintiff that if she had a problem with Defendants' conduct that she should start a GoFundMe campaign and sue Defendants (or words very similar to that effect). Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

186.    Defendants individually and collectively owed Plaintiff a duty not to immediately point loaded, multiple loaded, firearms, including pistols and riffles, at Plaintiff under the circumstances as presented to Defendants, including without limitation the fact that Plaintiff was alone by herself, a female, in an open location, her driveway, and all but one of the officers were male, among other reasons.  Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

187.    Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty not to immediately point loaded, multiple loaded, firearms, including pistols and riffles, at Plaintiff under the circumstances as presented to Defendants, including without limitation the fact that Plaintiff was alone by herself, a female, in an open location, her driveway, and all but one of the officers were male, among other reasons.  Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

188.    Defendants individually and collectively owed Plaintiff a duty to have the female officer on site conduct the frisk of Plaintiff given Plaintiff is female and/or a duty to first ask whether Plaintiff would prefer the female officer to conduct the frisk prior to the male officer doing so. Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to

Plaintiff.

189.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty to have the female officer on site conduct the frisk of Plaintiff given Plaintiff is female and/or a duty to first ask whether Plaintiff would prefer the female officer to conduct the frisk prior to the male officer doing so.  Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

190.   Defendants individually and collectively owed Plaintiff a duty engage in conduct constituting assault or battery toward Plaintiff.  Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

191.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty engage in conduct constituting assault or battery toward Plaintiff.  Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

192.   Defendants individually and collectively owed Plaintiff a duty to act reasonably toward Plaintiff when executing and/or serving the alleged search warrants.  Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

193.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty to act reasonably toward Plaintiff when executing and/or serving the alleged search warrants.  Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

194.   Defendants individually and collectively owed Plaintiff a duty not to unreasonably detain Plaintiff when executing and/or serving the alleged search warrants.  Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

195.   Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez owed Plaintiff a duty not to unreasonably detain Plaintiff when executing and/or serving the alleged search warrants.  Defendants Lomboy, Debevec, Kessler, Moore, and Rodriguez breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

**FIRST AMENDED COMPLAINT**

196.    Defendants individually and collectively had a duty to adhere to the relevant statutes, regulations, and code sections relative to the response to, and production or provision of documents and information in response to, information requests such as and including the public document/information request made to Defendants by Plaintiff and Plaintiff's counsel as alleged more fully above and herein. Defendants breached that duty owed to Plaintiff and such breach caused harm and damages to Plaintiff.

197.    Defendants individually as alleged and/or collectively breached the above alleged duties owed to Plaintiff and such breaches proximately caused harm and damages to Plaintiff for which Defendant(s) are liable.

198.    As a direct and proximate result of Defendant's conduct and/or the unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

199.    Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

200.    Plaintiff is also entitled to injunctive relief as against Defendants.

201.    Defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

## TENTH CLAIM FOR RELIEF

## Intentional and Negligent Infliction of Emotional Distress

## (Against All Defendants)

202.    Plaintiff incorporates the allegations above as if fully stated herein.

203.    Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

204.    Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

205.    Defendants' conduct as alleged herein and/or the policies and practices of Defendants

**FIRST AMENDED COMPLAINT**

giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's rights.

206.   Defendants' owed Plaintiff various duties and obligations both under and statute and otherwise relative to the facts and circumstances giving rise to this complaint including without limitation, duties and obligations related to warrants, searches and seizures, demeanor or professionalism of law enforcement toward the public, treatment of suspected targets of a warrant, service of warrants, the handling of Public Records Act requests, and the training, supervision, and discipline of law enforcement related personnel regarding those same issues, duties, and obligations.

207.   Defendants by engaging in the conduct alleged herein and/or having the policies, practices, and procedures permitting or authorizing or allowing such conduct, either directly or indirectly, or failing to enforce the policies, practices, or procedures specifically prohibiting such conduct, resulted in Defendants breaching their duties and obligations owed to Plaintiff.

208.   Defendants owed various duties to Plaintiff including those duties more fully alleged elsewhere in this complaint including without limitation the Introduction and Statement of Facts sections, and the False Imprisonment, Negligent Use of Deadly and/or Non-Deadly Force, Assault and/or Battery and/or Unlawful Touching, Trespass, Violation of Right of Privacy, and Negligence claims above.

209.   To the extent a duty or act is alleged in this complaint to have been owed by or engaged in by a specific individual defendant(s) this claim too asserts or alleges those specific acts and duties as having been engaged in and owed to Plaintiff in support of or connection with this claim and such individual defendant(s) is/are liable to Plaintiff for the harm and damages that were caused by the related wrongful conduct.

210.   Defendants breached their duties owed to Plaintiff.

211.   Such breaches and conduct proximately caused substantial damages to Plaintiff.

212.   These wrongful acts, breaches, and conduct by Defendants were extreme, outrageous and Defendants knew or should have known when they engaged in such conduct that the conduct was likely to result in significant mental anguish and/or other physical manifestations for Plaintiff.

213.   Defendants' wrongful conduct did result in damages to Plaintiff including without

1    limitation severe and significant emotional distress, mental anguish, and otherwise.

2         214.    In committing the extreme and outrageous acts as described herein, Defendants acted

3    with the intent to inflict injury or severe mental anguish on Plaintiff or with the understanding that

4    injury or severe mental anguish to Plaintiff was substantially certain to result.

5         215.    Defendants, individually and collectively, too have caused substantial and severe

6    damages, including emotional distress, in that and to the extent that Defendants have apparently or

7    effectively approved, ratified, or otherwise failed to take any remedial action relative to the individual

8    Defendant officers' wrongful conduct as alleged herein.  Indeed, Defendants sent Plaintiff a letter

9    indicating that Defendants had "exonerated" the individual Defendant officers as to the majority of

10   her allegations/complaints about Defendants' conduct regarding the service / execution of the

11   warrant, and related detention of Plaintiff and search of Plaintiff and her property.  (**Exhibit 9**.)

12        216.    As a direct and proximate result of Defendants' outrageous conduct as described

13   herein, Plaintiff endured great mental anguish, constant worry, shock, humiliation, anxiety, and/or

14   other severe emotional distress.  Defendants' conduct resulted in Plaintiff suffering damages and

15   emotional distress in an amount to proven at trial.

16        217.    Defendants acted intentionally, willfully, knowingly, recklessly and/or negligently in

17   engaging in the wrongful conduct alleged herein. These acts were done with malice, fraud,

18   oppression, and in reckless disregard of Plaintiff's rights.

19        218.    As a direct and proximate result of Defendants' conduct and/or or the unlawful policies

20   and acts of Defendants described herein, Plaintiff has suffered damages including economic and

21   noncomic damages, including without limitation, severe and substantial emotional distress and

22   Defendants are liable for such damages.

23        219.    Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

24        220.    Plaintiff is also entitled to injunctive relief as against Defendants.

25        221.    Defendants acted intentionally, willfully, maliciously and/or with reckless disregard

26   of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute,

27   law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

28   ///

**ELEVENTH CLAIM FOR RELIEF**

**Violation of Tom Bane Civil Rights Act – Cal. Civ. Code § 52.1 et seq.**

**(Against All Defendants)**

222.   Plaintiff incorporates the allegations above as if fully stated herein.

223.   Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

224.   Defendants are liable for the conduct alleged in this complaint by way of or pursuant to 42 U.S.C. § 1983 and/or Cal. Gov. Code §§ 814 et seq., 815 et seq. and/or 820 et seq. and/or other applicable statute, intentional tort, negligence, and/or common law claims or bases for liability.

225.   At all relevant times each Defendant individually and collectively is and was a "state actor" and/or acted under color of state law and/or subject or pursuant to state action.

226.   Defendants' conduct as alleged herein and/or the policies and practices of Defendants giving rise to and/or permitting, condoning, authorizing, or otherwise allowing Defendants to engage in the conduct alleged in this complaint violated Plaintiff's rights as alleged elsewhere in this complaint, including without limitation Plaintiff's rights under the U.S. Constitution, California Constitution, Federal statutes, State statutes, and common law, including without limitation Plaintiff's right to privacy, right to be free from unreasonable searches and seizures, right to be free from the use of unreasonable or excessive force, right to be free from police misconduct, right to be free from the deprivation of life, liberty, or property, the right to due process, the right to equal protection, the right not to have another trespass on your property, the right that Defendants adhere to their statutory and other legal duties and obligations owed to Plaintiff, the right that Defendants not be negligent relative to their duties and obligation owed to Plaintiff, and the other rights pleaded or implicated by or in the allegations above in this complaint.

227.   By way of or as a result of Defendants conduct and policies, practices, and/or procedures alleged herein, Defendants interfered with, or attempted to interfere with, Plaintiff's legal rights alleged herein this complaint through various means including actual, intended, or perceived threats, intimidation, or coercion of and toward Plaintiff by Defendants.

228.   Without limiting the applicability of the other facts and allegations pleaded above and

throughout this complaint to this claim, among other conduct Defendants used or engaged in conduct or acts including pointing loaded firearms, including pistols and assault riffles, at Plaintiff, shoved Plaintiff in the back of a County law enforcement vehicle, put Plaintiff in handcuffs and left her in handcuffs in the back of the vehicle for an extended period of time, and refused to provide Plaintiff with information or accurate or complete information as to why they were on her property including refusing to show or provide her a copy of the alleged warrant even though requested by Plaintiff multiple times, and acts of professional misconduct or other wrongful conduct such as and including Defendants' conduct intending to inflame the situation by commenting to Plaintiff after the discovery that Defendants were on the wrong property that Plaintiff should start a GoFundMe campaign and sue Defendants if she had a problem with Defendants' conduct.  Such conduct constituted acts of actual, intended, or perceived threats, intimidation, or coercion of and toward Plaintiff by Defendants which interfered with or were intended to interfere with or was an attempt to interfere with Plaintiff's rights as alleged in this complaint.

229.  Defendants conduct violated Plaintiffs rights as protected under the or by the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 et seq.

230.  As a direct and proximate result of the unlawful policies and acts of Defendants described herein, Plaintiff has suffered damages including economic and noncomic damages, including without limitation, severe and substantial emotional distress and Defendants are liable for such damages.

231.  Defendants are also liable for Plaintiff's attorneys' fees and cost of litigation.

232.  Plaintiff is also entitled to injunctive relief as against Defendants.

233.  The defendants acted intentionally, willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, to the extent permissible or authorized by statute, law, contract, the Court, or jury, Defendants are liable to Plaintiff for punitive damages.

## **PRAYER**

WHEREFORE, Plaintiff prays for the following:

1.  Monetary damages in an amount to be proven at trial;

2.  Statutory damages to the maximum extent permitted by law, statute, rule, or regulation;

3.  Statutory nominal damages to the maximum extent permitted by law, statute, rule, or regulation;

4.  Statutory punitive damages to the maximum extent permitted by law, statute, rule, or regulation;

5.  Statutory civil penalties to the maximum extent permitted by law, statute, rule, or regulation;

6.  Statutory attorney's fees to the maximum extent permitted by law, statute, rule, or regulation;

7.  Statutory litigation costs;

8.  Treble (or other applicable multiplier of) damages if and where permitted by law, statute, rule, regulation, the Court, or the jury;

9.  Injunctive relief restraining the San Bernadino County Sheriffs Department and its directors, officers, employees, agents, and representatives from engaging in any conduct similar to the conduct as alleged herein.

10. Injunctive relief restraining Defendants of San Bernadino and its directors, officers, employees, agents, and representatives from engaging in any conduct similar to the conduct as alleged herein.

11. Restitution to the maximum extent permitted to Plaintiff who have been harmed by Defendants' conduct;

12. Punitive damages to the maximum extent permitted by law, statute, rule, regulation, the Court, or the jury;

13. Attorney's fees to the maximum extent permitted by law, statute, rule, regulation, the Court, or the jury;

14. Interest to the maximum extent permitted by the applicable contracts, statutes, laws, regulations, the Court, or the jury;

15. Costs of suit;

16. Such other and further relief as the Court may deem just, fair, and proper.

**FIRST AMENDED COMPLAINT**

1

## **<u>JURY TRIAL DEMANDED</u>**

2

Plaintiff demands trial by jury on all claims and triable issues.

3

4  Dated: January 2, 2023                                    **DORROS LAW**

5                                                                    *Torin A. Dorros*

6                                                                    Torin A. Dorros
                                                                    *Attorneys for Plaintiff*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

**Proof of Service via ECF**

The below parties were served with the below identified documents via ECF at the email address provided by each such individual to the ECF service for service of documents.

**First Amended Complaint**

Daniel S. Roberts
COLE HUBER LLP
2855 E. Guasti Rd., Ste. 402
Ontario, CA  91761
Tel. (909) 230-4209
Fax (909) 937-2034
Email DRoberts@colehuber.com

Counsel for Defendants SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT; COUNTY OF SAN BERNADINO; SHANNON D. DICUS; JOHN MCMAHON; R. DEBEVEC; S. KESSLER; MICHAEL LOMBOY; SCOTT MOORE; D. STOKES; E. SMOOT; B. RHODA; R. RODRIGUEZ; K. HANRICKSEN AKA K. HENRICKSEN; C. KOZICKI; M. LOUDEN; B. CRIPE; S. SANCHEZ; AND H. SOBERANO

Dated: January 2, 2023

Torin A. Dorros

**FIRST AMENDED COMPLAINT**